IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14–12–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| AUSTIN DAVID LAWRENCE, | |
| Defendant. | |

Before the Court is Defendant Austin David Lawrence's Motion for Early Termination of Supervised Release. (Doc. 35.) Mr. Lawrence began serving his sixty-month term of supervision on April 24, 2018. (Doc. 36 at 12.) He has now completed approximately 92% and his term of supervision, which is set to expire on April 23, 2023. (Doc. 38 at 2.) Mr. Lawrence requests early termination so he may "attend tattoo conventions, be a guest artist at studios, travel more for business development, increase his knowledge within his trade, and increase his respected reputation in the tattoo industry." (Doc. 36 at 19.) For the following reasons, the motion is denied.

A court may release a defendant from a previously ordered term of supervision so long as he has completed at least one year of supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate, a court

is instructed to consider the factors found at 18 U.S.C. § 3553(a). *Id.* This includes, *inter alia*: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" and (2) "the need for the sentence imposed" (a) "to afford adequate deterrence to criminal conduct," and (b) "to protect the public from further crimes of the defendant." § 3553(a). A court "enjoys discretion to consider a wide range of circumstances when considering whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citations omitted). A defendant bears the burden to show that such course of action is justified. *Id.* at 824.

Since his release from imprisonment, Mr. Lawrence has reintegrated into his community. He opened his own business, Lawrence INK Design and Tattoo Studio, which appears to be successful and growing. (*See* Doc. 36 at 13.) He has a largely positive track record while on supervision, except for an incident in October 2021 involving the consumption of alcohol and marijuana. (*Id.* at 12–13.) Mr. Lawrence's co-workers and others who know him have described him as professional, talented, hard-working, and dedicated to achieving success and building a better life for himself and his family. (*See* Docs. 37-2; 37-3; 37-4; 37-5; 37-6; 37-7; 37-8; 37-9; 37-10; and 37-11.) Now, he seeks early termination in order to be able to travel more freely to expand his business opportunities. (Doc. 36 at 19.)

Mr. Lawrence's probation officer does not support early termination of supervision. (Doc. 35 at 2.) The Government also opposes the motion "based on the seriousness of [Mr. Lawrence's] violations in October 2021, and since [Mr.] Lawrence's term of supervision is set to expire in about five months." (Doc. 38 at 2.) The Government argues that Mr. Lawrence would benefit from the Probation Office's guidance for the remainder of his term of supervision. (*Id.*)

Given the Defendant's October 2021 relapse and the position of his probation officer, the Court is not inclined to grant early termination. The Court is encouraged by the reports from Mr. Lawrence and those who know him about the growth and clarity that he has achieved since he committed the crime that brought him before this Court. However, the Court believes that Mr. Lawrence will benefit from serving the remainder of his period of supervision. The Court also reminds Mr. Lawrence that even while on supervision, he may ask his supervising probation officer for permission to travel.

Accordingly, IT IS ORDERED that Mr. Lawrence's Motion (Doc. 35) is DENIED.

DATED this 6th day of December, 2022.

_____
Dana L. Christensen, District Judge
United States District Court